Santana v Torres BJJ, LLC (2024 NY Slip Op 01946)

Santana v Torres BJJ, LLC

2024 NY Slip Op 01946

Decided on April 10, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
HELEN VOUTSINAS
LILLIAN WAN, JJ.

2021-05205
 (Index No. 59445/20)

[*1]Richard L. Santana, appellant, 
v
Torres BJJ, LLC, doing business as Essential Jiu Jitsu, respondent.

Denlea & Carton LLP, White Plains, NY (Jeffrey I. Carton, Amber T. Wallace, David M. Rubinstein, and Craig Cepler of counsel), for appellant.
Brownell Partners, PLLC, New York, NY (Richard J. Brownell, Chelsea A. Kearney, and John P. Collins of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (David F. Everett, J.), dated June 23, 2021. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
In April 2019, the plaintiff allegedly was injured while participating in a Brazilian jiu jitsu class at a facility operated by the defendant Torres BJJ, LLC, doing business as Essential Jiu Jitsu (hereinafter Essential). According to Nathaniel Hiott, the instructor for the introductory class during which the plaintiff was injured, "[j]iu-jitsu is basically a ground or submission grappling sport." The plaintiff, who was a "beginner" at jiu jitsu, was participating in a sparring game called "King of the Guard" when he was seriously injured while attempting to resist an opponent's attempt to take him to the ground. Prior to the plaintiff's injury, Hiott explained the rules and objectives of the game and counseled the students not to fight, bite, punch, or kick. Hiott further instructed the students to watch their space and ensure that they remained in control of their actions. Additionally, both Hiott and Jonathan Torres, the owner of Essential, testified at their depositions that students were not required to engage in the sparring exercises, and could opt out if they so chose. Although Hiott testified that broken bones are not "typical" in jiu jitsu, during his time teaching at Essential, at least one other student had suffered a serious injury. Torres testified that he had seen "quite a few" broken bones in both jiu jitsu training and competition.
Although the plaintiff had not previously participated in this particular sparring game, he had attended approximately 10 introductory jiu jitsu classes at Essential between January 14, 2019, and the date of the accident, and had participated in sparring exercises during each class. Additionally, in 2018, the plaintiff had taken approximately 20 beginner classes at a mixed martial arts gym, and had taken approximately 10 classes at a studio teaching "Ji Kun Do" in 2016. At the time of the accident, the plaintiff had been a police officer employed by the New York City Police Department since 2011. As part of his training to become a police officer, the plaintiff received training in how to handle encounters with offenders who might be physically violent with an officer. As acknowledged by the plaintiff, this training included some instruction in "grappling." Since [*2]becoming a police officer, the plaintiff had made approximately 440 arrests, with approximately 5 of those arrests involving physical restraint.
The plaintiff commenced this action to recover damages for personal injuries, alleging that Essential was negligent, inter alia, in failing to warn the plaintiff of danger and in failing to adequately hire and supervise its employees. Essential moved for summary judgment dismissing the complaint on the ground, among other things, that the plaintiff assumed the risk of his injuries. In an order dated June 23, 2021, the Supreme Court granted Essential's motion. The plaintiff appeals.
"Pursuant to the doctrine of primary assumption of risk, a voluntary participant in a sporting or recreational activity consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation" (Philius v City of New York, 161 AD3d 787, 787-788 [internal quotation marks omitted]; see Bukowski v Clarkson Univ., 19 NY3d 353, 356; Morgan v State of New York, 90 NY2d 471, 484). "Risks inherent in a sporting activity are those which are known, apparent, natural, or reasonably foreseeable consequences of the participation" (Calderone v College, 177 AD3d 692, 693). "'If the risks of the activity are fully comprehended or perfectly obvious, plaintiff has consented to them and defendant has performed its duty'" (Bukowski v Clarkson Univ., 19 NY3d at 356, quoting Turcotte v Fell, 68 NY2d 432, 439). "Awareness of risk is 'to be assessed against the background of the skill and experience of the particular plaintiff'" (Philius v City of New York, 161 AD3d at 788, quoting Morgan v State of New York, 90 NY2d at 486).
Here, Essential established, prima facie, that the doctrine of primary assumption of risk was applicable and barred the plaintiff's recovery. The plaintiff, who had the option not to participate in the sparring game, voluntarily participated in the game. Further, the plaintiff had significant experience with martial arts classes, having attended approximately 10 introductory jiu jitsu classes at Essential, during which he participated in other sparring activities, and approximately 30 other introductory level martial arts classes in the three-year period immediately preceding the accident. Moreover, the plaintiff admitted that he had received some training in "grappling" during his training to become a police officer. Given the plaintiff's experience, he had a full appreciation of the risks involved in the sparring game, including the risk of broken bones (see Morgan v State of New York, 90 NY2d 471; Tadmor v New York Jiu Jitsu Inc., 109 AD3d 440, 440-441). In opposition, the plaintiff failed to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d 557, 562).
Accordingly, the Supreme Court properly granted Essential's motion for summary judgment dismissing the complaint.
In light of our determination, we need not address the parties' remaining contentions.
IANNACCI, J.P., WOOTEN, VOUTSINAS and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court